**FILED**
**May 29, 2026**
**09:09 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT JACKSON

| | |
|---|---|
| **VEATRICE BOOKER,** *Employee*, | **Docket No. 2022-70-0638** |
| **v.** | **State File No. 111982-2019** |
| **US FARATHANE CORP.,** *Employer*. | **Judge Amber E. Luttrell** |

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

In US Farathane's motion, the issue is whether Ms. Booker presented sufficient evidence of a causal connection between her current cervical condition and need for treatment and her work injury, which is an essential element of her claim. For the reasons below, the Court holds she did not present the necessary evidence, and US Farathane is entitled to summary judgment.

## Claim History

Ms. Booker filed a petition seeking treatment for a cervical condition under a 2024 compensation order. The Court awarded future medical benefits for a 2019 neck injury diagnosed as cervical myofascial pain.[1] She was not awarded permanent disability benefits.

US Farathane does not dispute that Ms. Booker is entitled to medical benefits for work-related cervical myofascial pain. Rather, it contests Ms. Booker's current request for treatment as her authorized treating physician, Dr. John Brophy, concluded that her cervical condition and need for treatment does not primarily arise out of her original injury.

US Farathane filed this motion for summary judgment. Ms. Booker did not

---

[1] The Court also awarded future medical benefits for lumbar myofascial pain and shoulder pain, but the sole issue before the Court at this time concerns her neck condition.

1

respond to its statement of undisputed material facts as required under Tennessee Rules of Civil Procedure Rule 56. However, she filed an affidavit and a C-32 of her personal physician, Dr. John Janovich.

US Farathane filed statements of undisputed material facts with citations to the record. Because Ms. Booker did not respond, the facts alleged in the statement are unrebutted. The Court summarizes the relevant facts as follows:

- Ms. Booker filed a petition seeking medical benefits under a 2024 compensation order. Ms. Booker saw Dr. Brophy in July 2025 under her private health insurance.
- Dr. Brophy testified that three cervical injections from Dr. Janovich were not related to Ms. Booker's November 5, 2019 work injury.
- Dr. Brophy reviewed a June 2025 MRI and testified it showed either degenerative or congenital changes, not changes related to her work injury.
- Dr. Brophy testified there was "no clinical evidence of cervical radiculopathy or myelopathy."
- Dr. Brophy ordered a cervical CT scan and said it showed no evidence of disc herniation, ruptured disc, nerve root compression, or spinal cord compression.
- Dr. Brophy diagnosed Ms. Booker with "chronic cervical and trapezius pain associated with ossification of the posterial longitudinal ligament from C5 through C7 without clinical evidence of radiculopathy or myelopathy."
- Dr. Brophy stated that Ms. Booker's diagnosis and his treatment of her in 2025 was unrelated to her 2019 work injury.
- Ms. Booker filed a C-32 of Dr. Janovich.

Us Farathane contends summary judgment is appropriate because it negated an essential element of Ms. Booker's claim through Dr. Brophy's testimony.

In the C-32, Dr. Janovich checked that he was her "treating physician." He wrote, "3-year service this provider; fell 11-2019 at work with treatment elsewhere. MRI indicated change from previous." Dr. Janovich responded to the question "what was the injury" by writing "fell at work."

2

**Analysis**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2025).

As the moving party, US Farathane must either: (1) submit affirmative evidence that negates an essential element of Ms. Booker's claim, or (2) demonstrate that her evidence is insufficient to establish an essential element of her claim. Tenn. Code Ann. § 20-16-101 (2025); *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

Dr. Brophy, Ms. Booker's authorized treating physician, unequivocally stated that Ms. Booker's current diagnosis for which he treated her is chronic cervical and trapezius pain associated with ossification of the posterial longitudinal ligament from C5 through C7, which is *unrelated* to her 2019 work injury. He explained that this condition is degenerative or congenital and pre-existed her work injury. Based on this testimony, US met its burden of negating an essential element – causation.

Because US Farathane met its burden, the burden shifts to Ms. Booker to produce specific facts supported by citations to the record showing that a genuine issue of fact concerning causation exists for trial. *Rye*, 477 S.W.3d at 265. In an attempt to do so, she offered a C-32 from Dr. Janovich, which fails to address causation for her current cervical condition or even identify a diagnosis. Thus, the C-32 fails to create a genuine issue of fact for trial. Therefore, Ms. Booker did not meet her burden, and summary judgment is appropriate.

While US Farathane is entitled to summary judgment as to Ms. Booker's current request for cervical treatment, Ms. Booker remains entitled to reasonable and necessary future medical benefits for her work-related cervical myofascial pain under the 2024 compensation order.

Finally, US Farathane also argues it is entitled to summary judgment under the doctrines of res judicata and collateral estoppel for any request for permanent disability based on Dr. Janovich's 25% rating assigned in his C-32. However, in Ms. Booker's May 3, 2025 petition, she did not allege entitlement to permanent disability. She only requested "medical care as required under a Court order." At the motion hearing, Ms. Booker also confirmed she only obtained a C-32 from Dr.

Janovich to support her request for medical benefits. Because Ms. Booker did not request permanent disability benefits, the issue is not before the Court.

**IT IS THEREFORE, ORDERED** as follows:

1. US Farathane's motion for summary judgment is granted, and Ms. Booker's petition is dismissed with prejudice.

2. Unless appealed, this order shall be final 30 days after entry.

3. The Court taxes the $150.00 filing fee to US Farathane or its carrier under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (2026), payable to the Clerk within five days of this order becoming final.

4. US Farathane shall prepare and submit the SD-2 with the Clerk within ten days of the date of judgment.

**ENTERED May 29, 2026.**

_Amber E. Luttrell_
**JUDGE AMBER E. LUTTRELL**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as shown on May 29, 2026.

| Name | USPS | Email | Service sent to: |
|---|---|---|---|
| Veatrice Booker, Employee | X | X | ████████████ ████████ ███ ███████████ |
| John Burleson, Employer's Attorney | | X | jburleson@raineykizer.com |

_Penny Shrum_ (signature)
_____
**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**


### CERTIFICATE OF SERVICE


I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.


_____

*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

| | | | |
|---|---|---|---|
| Groceries | $ _____ per month | Telephone | $ _____ per month |
| Electricity | $ _____ per month | School Supplies $ _____ per month | |
| Water | $ _____ per month | Clothing | $ _____ per month |
| Gas | $ _____ per month | Child Care | $ _____ per month |
| Transportation | $ _____ per month | Child Support | $ _____ per month |
| Car | $_____ per month | | |
| Other | $ _____ per month (describe: _____ ) | | |

10. Assets:

Automobile    $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House    $ _____    (FMV) _____

Other    $ _____    Describe:_____

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____